SARAH N. LÉGER (SBN: 226877)
ERIC STERNBERGER (SBN: 202295)
JOSE M. HERRERA (SBN: 289590)
RAGGHIANTI FREITAS LLP
1101 Fifth Avenue, Suite 100
San Rafael, California 94901
Telephone: (415) 453-9433
Facsimile: (415) 453-8269

Attorneys for Defendants
PETER UZELAC and MFC LAB, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RI-CHENG CHIAN, an individual, as Trustee of the Chian Family Trust,<br><br>Plaintiff,<br><br>v.<br><br>PETER UZELAC, an individual; JIEYING IVF LABS SAN FRANCISCO, INC., a California corporation in the Process of Voluntary Winding up; and MFC LAB, INC., a California corporation, et al.,<br><br>Defendants. | CASE NO.: 4:15-cv005085-KAW<br><br>**ANSWER TO COMPLAINT**<br><br>Complaint Filed: November 5, 2015<br>Trial Date: Not set |

Defendants Peter Uzelac and MFC Lab, Inc. (hereinafter "Defendants") respond to Plaintiff Ri-Chen Chian's Complaint as follows:

**JURISDICTION**

1.  Defendants admits that the Court has jurisdiction over the subject matter of this action. Defendants admits that Peter Uzelac is a resident of the State of California.

**VENUE**

2.  Defendants admit that venue is proper. Defendants admit that Uzelac resides in this district and a substantial part of the events on which this action is based took place in this district.

///

## PARTIES

3. Defendants are informed and believe that Plaintiff is a citizen of the country of Canada. Defendants admit that Plaintiff is a 50% shareholder of Defendant Jieying IVF Labs San Francisco. Defendants lack sufficient knowledge or information to admit or deny the remaining allegations of Paragraph 3 of the Complaint, and on that basis deny the remaining allegations of Paragraph 3 of the Complaint.

4. Defendants admit the allegations of Paragraph 4 of the Complaint.

5. Defendants admit the allegations of Paragraph 5 of the Complaint.

6. Defendants admit that MFC Lab, Inc is a California corporation with its principal place of business in Marin County, California, incorporated on or around May 8, 2014. Defendants admits that MFC is an entity owned in whole by Uzelac.

## PRELIMINARY FACTUAL ALLEGATIONS

7. Defendants lack sufficient knowledge or information to admit or deny the allegations of Paragraph 7 of the Complaint, and on that basis deny the allegations.

8. Defendants lacks sufficient knowledge or information to admit or deny the allegations of Paragraph 8 of the Complaint, and on that basis deny the allegations.

9. Defendants admit the allegations of Paragraph 9 of the Complaint.

10. Defendants admit the allegations of Paragraph 10 of the Complaint.

11. Defendants admit the allegations of Paragraph 11 of the Complaint.

12. Defendants lacks sufficient knowledge or information to admit or deny the allegations of Paragraph 12 of the Complaint, and on that basis deny the allegations.

13. Defendants admit that in 2011, Uzelac and Chian participated in a series of negotiations concerning the ownership structure of the joint business venture then under discussion.

14. Defendants admit Chian proposed to retain a majority ownership interest in the laboratory business. Defendants deny the remaining allegations of Paragraph 14 of the Complaint.

15. Defendants deny the allegations of Paragraph 15 of the Complaint.

16. Defendants admit the allegations of Paragraph 16 of the Complaint.

17. Defendants admit the allegations of Paragraph 17 of the Complaint.

18. Defendants admit that Jieying began preparing for the operation of a tissue bank laboratory. Defendants deny the remaining allegations of Paragraph 18 of the Complaint.

19. Defendants deny the allegations of Paragraph 19 of the Complaint.

20. Defendants admit the allegations of Paragraph 20 of the Complaint.

21. Defendants admit the allegations of Paragraph 21 of the Complaint.

22. Defendants deny the allegations of Paragraph 22 of the Complaint.

23. Defendants deny the allegations of Paragraph 23 of the Complaint.

24. Defendants deny the allegations of Paragraph 24 of the Complaint.

25. Defendants deny the allegations of Paragraph 25 of the Complaint.

## FIRST CLAIM FOR RELIEF

### (CONVERSION)

26. Defendants admit that this Claim purports to assert a claim for conversion.

27. Defendants deny the allegations of Paragraph 27 of the Complaint.

28. Defendants deny the allegations of Paragraph 28 of the Complaint.

29. Defendants deny the allegations of Paragraph 29 of the Complaint.

30. Defendants deny the allegations of Paragraph 30 of the Complaint.

## SECOND CLAIM FOR RELIEF

### (BREACH OF FIDUCIARY DUTY)

31. Defendants admit that this Claim purports to assert a claim for breach of fiduciary duty.

32. Defendants deny the allegations of Paragraph 32 of the Complaint.

33. Defendants deny the allegations of Paragraph 33 of the Complaint.

34. Defendants deny the allegations of Paragraph 34 of the Complaint.

///

///

## THIRD CLAIM FOR RELIEF

## (CONSTRUCTIVE TRUST)

35. Defendants admit that this Claim purports to assert a claim for constructive trust.

36. Defendants deny the allegations of Paragraph 36 of the Complaint.

## AFFIRMATIVE DEFENSES

Defendants hereby assert and interpose the following affirmative defenses to Plaintiff's Complaint. Defendants reserve the right to supplement additional affirmative defenses if new evidence supporting such additional affirmative defenses is discovered after further investigation and discovery.

## FIRST AFFIRMATIVE DEFENSE

The Complaint, and each purported cause of action contained therein, fails to state a claim against Defendants upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff has waived any and all claims that he may have had or has against Defendants arising from the transactions and occurrences set forth in the Complaint.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff is estopped from asserting the positions set forth in the Complaint by virtue of his own conduct upon which Defendants reasonably relied.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by applicable statutes of limitations.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to mitigate his alleged damages.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff acted with unclean hands, and is precluded from any recovery or relief in this action.

## SEVENTH AFFIRMATIVE DEFENSE

The Complaint, and each and every purported claim for relief set forth therein, is rendered moot by the parties' action or conduct.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's reliance on any alleged non-written representations relative to any transactions that are the subject of this action is barred by the Statute of Frauds.

### NINTH AFFIRMATIVE DEFENSE

Defendants cannot be held liable to Plaintiff because Defendants acted in good faith.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff has an adequate remedy at law, and is precluded from being granted equitable relief sought in the Complaint.

### ELEVENTH AFFIRMATIVE DEFENSE

On information and belief, Plaintiff has misrepresented.

### TWELFTH AFFIRMATIVE DEFENSE

The allegations in the Complaint, and any purported remedy sought therein, are rendered ineffectual because Defendants satisfied their obligations imposed by law.

### THIRTEENTH AFFIRMATIVE DEFENSE

The Complaint is barred totally or partially by the doctrine of laches.

### FOURTEENTH AFFIRMATIVE DEFENSE

Defendants were, at all times, privileged or justified to engage in the acts set forth in the Complaint.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff is barred from obtaining the relief sought in the Complaint because some or all of the allegations contained therein are immaterial, conclusory, evidentiary and otherwise subject to a motion to strike.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff is barred from obtaining any of the relief sought in the Complaint because any injury or damage allegedly suffered by Plaintiff was proximately caused, in whole or

in part, by the wrongdoing, negligence and/or intentional acts of a third party or parties, and not by any act or failure to act by Defendants.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff is barred from obtaining any of the relief sought in the Complaint because the alleged damages, if any, sustained by Plaintiff was proximately caused and contributed to by Plaintiff's own negligence, carelessness, or intentional acts or omissions.

### EIGHTEENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff contends that Defendants failed to perform any and all obligations alleged in the Complaint, Defendants' conduct is excused as their performance was prevented by the conduct of Plaintiff or other third parties.

### NINETEENTH AFFIRMATIVE DEFENSE

Any and all obligations upon which Plaintiff relies have been terminated by the parties.

### TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff has not suffered any damages as a result of any alleged acts or omissions of Defendants.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff cannot recover any of the damages alleged in the Complaint because such damages, if any, are too speculative and uncertain to be recoverable at law.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are subject to offset, setoff, and/or reduction based upon his acts and wrongdoings.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff has failed to state facts sufficient to warrant the recovery of attorneys' fees and costs in this action.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are unreasonable and/or filed in bad faith, and are frivolous, and

for that reason justify an award of attorneys' fees and costs against Plaintiff.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Defendants presently have insufficient knowledge or information on which to form a belief as to whether they may have additional, as yet unstated, defenses available. Defendants therefore reserve herein the right to assert additional defenses in the event discovery indicates that they would be appropriate.

WHEREFORE, Defendants pray as follows:

1. That the Complaint be forthwith dismissed;
2. For costs of suit herein;
3. For attorneys' fees and non-statutory costs;
4. For such other and further relief as the Court may deem meet and proper.

Dated: January 6, 2016               Ragghianti Freitas LLP


By: _____/s/ Jose M. Herrera_____
Sarah N. Léger
Jose M. Herrera

Attorneys for Defendants
PETER UZELAC, and MFC LAB, INC.

## CERTIFICATE OF SERVICE

*Chian, et al. v. Uzelac, et al.*
United States District Court, Northern District of California; Case No.: C-15-5085-KAW

| 1. | At the time of service I was at least 18 years of age and not a party to this legal action. | |
|---|---|---|
| 2. | My business address is 1101 Fifth Avenue, Suite 100, San Rafael, CA 94901. | |
| 3. | I served Copies of the Following Documents:<br><br>• **ANSWER TO COMPLAINT** | |
| 4. | I served the documents listed above in Item 3 on the following persons at the addresses listed:<br><br>Jeffrey S. Schoppert<br>Keegin, Harrison, Schoppert, Smith & Karner, LLP<br>1000 Fourth Street, Suite 600<br>San Rafael, CA 94901<br>*Attorneys for Plaintiff*<br>RI-CHENG CHIAN, an individual, as Trustee of the Chian Family Trust | |
| 5. | a. | **By Personal Service.** I personally delivered the documents on the date shown below to the persons at the addresses listed above in Item 4. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package clearly labeled to identify the attorney being served with a receptionist or an individual in charge of the office. (2) For a party delivery was made to the party or by leaving the documents in the party's residence between the hours of eight in the morning and six in the evening with some person not less than 18 years of age. |
| | b. | **By United States Mail.** I enclosed the documents in a sealed envelope or package, in the mail at San Rafael, California, where I am a resident or employee in the County of Marin where the mailing occurred. I addressed the sealed envelope or package to the persons at the addresses in Item 4 and (specify one): |
| | | (1)    Deposited the sealed envelope in a United States Postal Service mailbox with the postage fully prepaid on the date shown below |
| | | (2)**X**   Placed the envelope for collection and mailing on the date shown below, following our ordinary business practices and I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. |
| | c. | **By Overnight Delivery.** Pursuant to California Rules of Court, Rule 8.25, I enclosed the documents on the date shown below in an envelope or package provided by an overnight delivery carrier and addressed to the person at the addresses in Item 4. I placed the envelope or package for collection and overnight delivery at an office or a |

- 1 -

PROOF OF SERVICE

| | | |
|---|---|---|
| | | regularly utilized drop box of the overnight delivery carrier. |
| | d. | **By Messenger Service.** I served the documents on the date shown below by placing them in an envelope or package addressed to the person on the addresses listed in Item 4 and providing them to a professional messenger service for service. |
| | e. | **By Fax Transmission.** Based on an agreement to accept service by fax transmission, I faxed the documents on the date shown below to the fax numbers of persons listed in Item 4. No error was reported by the fax machine that I used |
| | f. | **By Electronic Transmission.** Based on a court order or an agreement of the parties to accept electronic service, I caused the documents to be sent on the date shown below to the persons at the electronic service address listed above in Item 4. I did not receive within a reasonable time after the transmission any electronic message or other indication that the transmission was unsuccessful. |
| 6. | | I served the documents by the means described above on January 6, 2016 |

I declare under penalty of perjury that this document is signed in San Rafael, California under the laws of the State of California and that the foregoing is true and correct.

| January 6, 2016 | Jennifer L. Page, CCLS | /s/ |
|---|---|---|
| Date | (Type of Print Name) | (Signature of Declarant) |

- 2 -

PROOF OF SERVICE